• Cole, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming the rejection by the Primary Examiner of claims 17, 18 and 19 of appellants’ application Serial No. 133,407, for a patent on a method and apparatus for treating thread. At - the hearing, counsel for the appellants moved to withdraw the appeal as to claims 17 and 18. No objection to such withdrawal was made on behalf of the Patent Office and the motion is ■accordingly granted. This leaves for consideration only claim 19, which is a method claim. The apparatus claims of appellants’ application were allowed by the examiner.
The appealed claim is as follows:
19. A method for treating hollow, unsupported substantially flat-ended yarn packages or cakes with treating fluid under pressure, whereby an automatic substantially fluid tight seal is maintained on each end of said cakes while being subjected to the action' of a treating fluid without interfering with the free axial expansion and contraction of said cakes, which comprises the steps of delivering a plurality of said cakes horizontally disposed to a succession of treating zones,' applying a common pneumatic sealing force to one end of said cakes and maintaining said force constant after the initial adjustments required for the type and size of cake while passing a treating fluid through said cakes, discontinuing the supply of said treating fluid, releasing said sealing force and moving said cakes collectively to further treating zones.
The references relied on are:
Herrmann, 1,943,072, Jan. 9, 1934.
Laird et al., 2,092,126, Sept. 7,1937.
The appellants’ application relates to the washing and treating of rayon yarn cakes which, as illustrated, are in the form of hollow conical frustums, each cake consisting of a number of layers of rayon yarn. In the treatment of these cakes, a plurality of them are placed upon a movable table having a receiving position for each cake, provided with a tube through which treating fluid may be fed into the hollow central portion of the cake. In order to seal the tops of the cakes to prevent the treating fluid from escaping without passing through the rayon yarn, there is provided a resilient and flexible plate which is supported by a flexible bag. When this bag is inflated, it causes the plate to press down upon and seal the upper ends of the yarn cakes. By this arrangement, and by a suitable adjustment of the pressure in the bag, a seal under uniform' pressure may be maintained despite the swelling or de-swelling of the cakes.
•' The patent to Herrmann shows an apparatus for treating silk thread which is wound on hollow perforated spools. A number of such spools are supported on a base plate which is provided with openings for supplying treating fluid to the bottom .of the hollow *744 portion of each, spool. A flexible plate is placed on top of the spools, and is provided with an opening registering with the top of the hollow portion of each of them. A second layer of spools is placed upon this plate and additional supporting plates and layers of spools are added so that the complete apparatus includes a number of superimposed layers of spools and plates with the openings of the spools of each layer registering with those of the plates and of the spools in adjacent layers. The treating fluid passes upwardly from each spool of the bottom layer to the corresponding spools in the other layers. An imperforate cover of rigid material rests on the spools of the top layer and a weight is placed on this cover, thus pressing the ends of the spools of each layer against the adjacent plates. It is stated in the patent specification that the flexible plates may be hollow so that they will be inflated by the pressure of the treating fluid, “thereby effecting a positive packing of the spools.”
The patent to Laird et al. discloses an apparatus for treating rayon yarn cakes similar in shape to those illustrated in appellants’ application. The patent shows a base plate provided with a number of hollow, perforated frusto-conical supporting members corresponding approximately in size to the central openings in the yarn cakes. Means are provided for supplying treating fluid under pressure to the interior of each of these members. The yarn cakes are placed over these supporting members and the treating fluid passes through openings in the members and into the yarn cakes. Individual sealing plates are provided, which include sponge rubber disks mounted at the end of hydraulic pistons, which press them down against the tops of the cakes. The pressure exerted by the pistons may be intermittently varied, resulting in alternate elongation and compression of the cakes which will cause them to soften.
The appealed claim was rejected as unpatentable over the Laird et al. and Herrmann patents and also on the ground that it is not supported by a disclosure of the type required by Patent Office Rule 71 (b) which provides that the specification of an application must describe completely a specific embodiment of the process invented and must set forth the best mode of carrying it out contemplated by the inventor.
• Claim 19 calls for a method for treating hollow, unsupported yarn cakes in which a fluid tight seal is maintained at each end of the cakes without interfering with their free axial expansion and contraction. In the Laird et al. patent the cakes are placed over members which provide them with some lateral support, but these members do not extend to the upper portions of the cakes and do not affect the freedom of the cakes to expand or contract axially. • - •
*745 In the specification of appellants’ application it is stated that:
⅜ » ⅜ While primarily intended ior cakes devoid of flexible supporting inserts, sleeves, and the like, the method is applicable for treating certain types of supported cakes providing that the flexible inserts or sleeves used do not interfere with the method used for sealing the ends as hereinabove described.
Since the inserts shown by Laird are shorter than the cakes, they do not interfere with the method of sealing the ends. We are of the opinion that the statement in claim 19 that the cakes are unsupported during treatment does not present any material distinction over the disclosure of the Laird et al. patent.
Claim 19 further calls for delivering the cakes to a succession of treating zones, whereas the Laird et al. patent discloses only one such zone, However, it is old, as stated in the specification of appellants’ application, to subject yarn cakes to a series of treatments involving the forcing of fluids through them, and consequently it would involve no invention to provide several stations of the kind shown by Laird et al. and to transfer the cakes from one to another for treatment. The step of transferring the cakes has no co-action with the particular type of sealing employed. Whether the cakes are transferred singly or collectively is merely a matter of choice.
The appealed claim further states that a common pneumatic sealing force is applied to one end of the cakes and maintained constant, after initial adjustments, while the treating fluid is passed through them. In the Laird et al. patent, a separate piston is provided for sealing each cake but the pistons are actuated from a common source of hydraulic pressure and we do not consider that the reference in the claim to a common sealing force presents a patentable distinction from that arrangement so far as the method of operation is concerned. It is not material, from the standpoint of patentability, whether hydraulic or pneumatic pressure is employed for effecting the seal. The appellants’ specification refers to the use of “a fluid, such as air under pressure” for that purpose, thus indicating that the particular fluid used is not critical.
Finally, claim 19 states that the sealing pressure is maintained constant after its initial adjustments, whereas the Laird method varies the pressure periodically to soften the cakes. However, it would be obvious to eliminate this periodic variation in the Laird et al. process if softening of the cakes was not desired. The Omission of a step of a method with a corresponding omission of function, is not a matter of invention. In re Porter, 21 C. C. P. A. (Patents) 927, 68 F. 2d 97, 20 U. S. Pat. Q. 298
While the appealed claim, as above noted, presents certain distinctions over the Laird et al patent, we are of the opinion that such *746 distinctions are not sufficient, singly or collectively, to rentier the claim patentable over that reference. It is accordingly unnécés'sáry to consider the further rejections of the claim as unpatentable over the Herrmann patent and as being based on a specification containing.'an insufficient disclosure.
The decision of the Board of Appeals is affirmed.
Jackson, Judge, retired, recalled to participate.